TROST LEGAL PC
GLENN TROST (CSB. No. 116203)
glenn@trostlegal.com
1010 N. Central Ave.
Glendale, CA 91202-2937
Telephone: (626) 905-3837
Facsimile: (818) 796-5481

RILEY SAFER HOLMES & CANCILA LLP
STEPHEN M. HANKINS (CSB No. 154886)
shankins@rshc-law.com
456 Montgomery Street, 16th Floor
San Francisco, CA 94104
Telephone: (415) 275-8550
Facsimile: (415) 275-8551

Attorneys for Defendant
DEREK JAESCHKE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLOR IMAGE APPAREL, INC., a California corporation, and BELLA + CANVAS, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>DEREK JAESCHKE, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-07187-SVW-MAR<br><br>**DEFENDANT DEREK JAESCHKE'S AMENDED ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendant Derek Jaeschke ("Defendant") answers the Complaint of Color Image Apparel, Inc., and Bella + Canvas, LLC's ("Plaintiffs") as follows:

1.  Defendant is a professional model who agreed to model Bella + Canvas apparel in various photo shoots in 2014, 2015 and 2016. In each instance, the parties agreed that Plaintiffs could use the photos in certain media for one year to promote sales of their products. Plaintiffs did not honor that restriction and

continued to use Defendant's image for many years to promote sales of their products. In June 2019, Defendant sued Plaintiffs in Los Angeles Superior Court Case No. 19SMCV01008 (the "State Court Action") for Plaintiff's breach of contract and misuse of Defendant's image. The State Court Action is set for trial in February 2022.

2. Plaintiffs' present Complaint is a reaction to the State Court Action and was filed in connection with a mediation held in that case. The events underlying Plaintiffs' claim – Defendant's linking in 2014 and 2015 on his Instagram page photos of himself that Plaintiffs had posted on their own Instagram page – have been known to Plaintiffs for years. Indeed, Defendant "tagged" (i.e., provided a notice within the Instagram system to) Plaintiffs and the photographer at the time of the links, and Plaintiffs commented favorably in response. Prior to the present action, neither Plaintiffs nor the photographer ever complained about these links.

3. On December 30, 2020, the Los Angeles Superior Court judge hearing the State Court Action granted Defendant's motion to compel against Plaintiffs. Soon thereafter, Plaintiffs sought to acquire from the photographer the copyrights in the posted photos so that they could purport to assert a copyright claim against Defendant. Plaintiffs filed the present action in connection with a mediation in the State Court Action.

4. Plaintiffs' present action is vexatious and reactive. It is based on non-infringing conduct that Plaintiffs have known about for years and is based on copyrights Plaintiffs recently sought to acquire solely for the purpose of gaining leverage over Defendant in his State Court Action.

## RESPONSE TO PLAINTIFF'S ALLEGATIONS

5. Defendant admits that Plaintiffs purport to bring this action under the Copyright Act of 1976, Title 17 U.S.C., § 101, *et seq*. Except as so admitted, Defendant denies the allegation of Paragraph 1 of the Complaint. In particular,

Defendant denies any and all liability under the Copyright Act of 1976 and denies any and all liability to either Plaintiff.

6.  Defendant admits the allegations of Paragraph 2 of the Complaint.

7.  Defendant admits that in 2014 and 2015 he linked on his Instagram page certain photos of himself that Plaintiffs had posted on their Instagram page, and that in doing so he notified Plaintiffs and the photographer of the link. Except as so admitted, Defendant denies the allegation of Paragraph 3 of the Complaint.

8.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 of the Complaint, and he therefore denies the allegation.

9.  Defendant admits that Color Image Apparel, Inc. is a California corporation with an address of 9830 Wilshire Blvd. Beverly Hills, CA 94022. Except as so admitted, Defendant denies the allegation of Paragraph 5 of the Complaint.

10. Defendant admits that Bella + Canvas, LLC is a California limited liability company with an address of 9830 Wilshire Blvd. Beverly Hills, CA 94022. Except as so admitted, Defendant denies the allegation of Paragraph 6 of the Complaint.

11. Defendant admits that Plaintiffs sell apparel to distributors and other customers. Except as so admitted, Defendant denies the allegation of Paragraph 7 of the Complaint.

12. Defendant admits that he is a resident of Los Angeles County and domiciled within the City of Santa Monica, California. Defendant further admits that he worked as a model who participated in several photo shoots in 2014, 2015, and 2016 for Bella + Canvas. Except as so admitted, Defendant denies the allegation of Paragraph 8 of the Complaint.

13. Defendant denies any and all liability for copyright infringement and denies and any all liability to Plaintiffs. Defendant lacks knowledge or information

- 4 -
AMENDED ANSWER TO COMPLAINT

sufficient to form a belief about the truth of the remaining allegations in Paragraph 9 of the Complaint, and he therefore denies the allegations.

14.  Defendant admits that this Court has subject matter jurisdiction over federal copyright infringement claims pursuant to 28 U.S.C. §§ 1338(a) and 1331; that the Court has personal jurisdiction over the Defendant in this case; and that venue is appropriate in this District. Except as so admitted, Defendant denies the allegation of Paragraphs 10-12 of the Complaint.

15.  Defendant admits that he worked as a model who participated in several photo shoots in 2014, 2015, and 2016 for Bella + Canvas. Except as so admitted, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 13-16 of the Complaint, and he therefore denies those allegations.

16.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 17-19 of the Complaint, and he therefore denies the allegations.

17.  Defendant admits that he has a personal Instagram account; that in 2014 and 2015 he linked on his Instagram page photos of himself that Plaintiffs had posted on their own Instagram page; that he "tagged" (i.e., provided a notice within the Instagram system to) Plaintiffs and the photographer at the time of the links; that Plaintiffs commented favorably in response to those links and tags; and that prior to the present action, neither Plaintiffs nor the photographer ever complained about these links.  Except as so admitted, Defendant denies the allegation of Paragraphs 20-31 of the Complaint.

18.  In responding to Paragraphs 32 of the Complaint, Defendant reincorporates by reference the responses, allegations, admissions, and denials set forth herein.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 33 of the Complaint, and he therefore denies those allegations.

20. Defendant denies the allegations contained in Paragraphs 34-36 of the Complaint.

## GENERAL DENIAL

21. Except to the extent expressly admitted above, Defendant denies each and every allegation of the Complaint.

## AFFIRMATIVE DEFENSES

As for his affirmative defenses, Defendant alleges the following additional reasons that Plaintiffs are not entitled to recover anything. By designating these affirmative defenses, Defendant does not waive or limit any defenses that are or may be raised by their denials, allegations, and averments set forth herein.

## FIRST AFFIRMATIVE DEFENSE
### (Copyright Misuse)

22. Plaintiffs' claim is barred pursuant to the doctrine of copyright misuse. Plaintiffs' have only initiated this action in an attempt to intimidate and harass Defendant and to seek retaliation for Defendant's State Court Action.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

23. Plaintiffs predicate this claim on allegedly infringing conduct that occurred more than three years before the commencement of this action. Plaintiffs' Exhibits 2-7 demonstrate that the allegedly infringing conduct occurred in 2014 and 2015, with Plaintiffs and/or predecessors-in-interest to Plaintiffs being on notice of the conduct. Thus, the claim that Plaintiffs may have allegedly acquired accrued more than three years before the September 7, 2021 filing of this action and cannot be maintained pursuant to 17 U.S.C. § 507.

24. Relatedly, without shifting the burden of proof, which remains with Plaintiffs, Plaintiffs are barred from claiming statutory damages due to their (including those in privity with Plaintiffs and/or predecessors-in-interest to Plaintiffs) failure to comply with the prerequisites that may entitle a party to recover such damages pursuant to 17 U.S.C. § 41

### THIRD AFFIRMATIVE DEFENSE
### (Laches)

25. Plaintiffs' claim is barred in whole or in part by the doctrine of laches. Plaintiffs and/or predecessors-in-interest to Plaintiffs explicitly knew, or with due diligence should have known, of the allegedly infringing conduct years before the commencement of this action. Plaintiffs failed to bring suit within a reasonable time and in fact, as stated above, completely brought this action completely outside of the three-year statute of limitations pursuant to 17 U.S.C. § 507.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

26. Plaintiffs' claim is barred pursuant to the doctrine of unclean hands. Plaintiffs' undeniably belated action against Defendant and attempts to prosecute this action despite Plaintiffs' and/or predecessors-in-interest to Plaintiffs' prior conduct demonstrating consent are vexatious and "reprehensible conduct in the course of the transaction at issue." *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360 (1995).

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

27. Plaintiffs' claim is barred, in whole or in part, pursuant to the doctrine of waiver. Plaintiffs' and any predecessors-in-interest to Plaintiffs' acknowledgement of the posts, affirming comments, and general awareness of Defendant's six to seven-year Instagram posts constitutes a waiver to the alleged claim.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

28. Plaintiffs' claim is barred, in whole or in part, pursuant to the doctrine of estoppel. Plaintiffs and any predecessors-in-interest to Plaintiffs were aware of Defendant's alleged use of the photographs years prior to the filing of this action and did not indicate to Defendant that such alleged was an infringement upon their rights. Defendant, relying upon the implied acquiescence evident in Plaintiffs' conduct, was unaware of any alleged impropriety of his alleged use of the photographs and relied upon Plaintiffs' long-standing affirming conduct to Defendant's detriment.

## SEVENTH AFFIRMATIVE DEFENSE

### (Consent)

29. Plaintiffs and/or their predecessors-in-interest explicitly and/or impliedly consented to Defendant's alleged use of the photographs on Instagram through their knowledge, acknowledgement of the posts, and their affirming conduct, including, but not limited to, "likes" and comments on the posts years before the initiation of this action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Ratification)

30. Defendant's alleged use of the photographs at issue was ratified by Plaintiffs' and/or predecessors-in-interest to Plaintiffs' conduct. Specifically, Plaintiffs and/or their predecessors-in-interest ratified Defendant's alleged use of the photographs through their knowledge, acknowledgement of the posts, their affirming conduct, and/or their implied agreement for use of the photos, including, but not limited to, "likes" and comments on the posts years before the initiation of this action.

## NINTH AFFIRMATIVE DEFENSE

### (License)

31. Plaintiffs' claim is barred in whole or in part by an explicit or implicit license or authorization granted to him by Plaintiffs' and/or any predecessor-in-interest to Plaintiffs' knowledge and/or conduct. Specifically, Plaintiffs and/or their predecessors-in-interest impliedly granted Defendant a license and/or authorization to use the photographs through their conduct, acknowledgement of the posts, and their affirming conduct towards the use, including, but not limited to, "likes" and comments on the Instagram posts years before the initiation of this action.

## TENTH AFFIRMATIVE DEFENSE

### (Fair Use)

32. Plaintiffs' claim is not actionable because Defendant's alleged use falls within the fair use exception pursuant to 17 U.S.C. § 107.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

33. Plaintiffs failed to exercise due diligence to mitigate Plaintiffs' damages. Plaintiffs and any predecessors-in-interest were aware of Defendant's alleged Instagram posts featuring the photographs years before the initiation of this action. Additionally, Plaintiffs' own allegations suggest that they failed to pursue any action against Defendant for nearly seven months after the alleged date of discovery in their Complaint. Accordingly, the amount of damages to which Plaintiffs are entitled, if any, should be reduced by the amount of damages that would have otherwise been mitigated.

## OTHER AFFIRMATIVE DEFENSES

Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that such defenses are appropriate.

## PRAYER

WHEREFORE, Defendant prays that judgment be entered against Plaintiffs and in favor of Defendant as follows:

1. That Plaintiffs take nothing by way of their Complaint;

2. That the Complaint and all purported causes of action therein be dismissed in its entirety, with prejudice;

3. That judgment be entered in favor of Defendant and against Plaintiffs;

4. That the Court award Defendant his costs of suit incurred in the defense of this action, including reasonable attorneys' fees, to the extent authorized by applicable law; and

5. That the Court award Defendant such other and further relief as it may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.

Dated: December 7, 2021        TROST LEGAL PC

RILEY SAFER HOLMES & CANCILA LLP

By: */s/ Stephen M. Hankins*
Glenn Trost
Stephen M. Hankins
Attorneys for Defendant DEREK JAESCHKE