UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07187-SVW-MAR | Date | June 7, 2022 |
| Title | *Color Image Apparel, Inc., et al v. Derek Jaeschke, et al* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [52] AND GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT [49]

Before the Court are cross-motions for summary judgment. The Court concludes that Plaintiffs' claims are time-barred by the statute of limitations and accordingly denies Plaintiffs' motion for summary judgment and grants Defendant's motion for summary judgment.

**I. Factual and Procedural Background[1]**

Plaintiffs, Color Image Apparel, Inc. and Bella+Canvas, LLC, manufacture and distribute apparel.[2] Defendant Derek Jaeschke works as a model. In 2014 and 2015, Defendant participated in several photo shoots for Plaintiffs, modeling various items of apparel for Plaintiffs to use in marketing their products.

Plaintiffs claim to be the holders of the copyrights to the photographs from these shoots, though they did not register the photographs with the U.S. Copyright Office until 2021.[3] Plaintiffs claim that

---

[1] This background is compiled based on the information in the complaint, the parties' moving papers, and the statements of undisputed facts and responses thereto.
[2] During the time period relevant to this suit, Bella+Canvas was merely a brand name under which Color Image sold its products. Now, Bella+Canvas is a distinct entity, though it is a wholly-owned subsidiary of Color Image.
[3] Defendant disputes ownership of the copyrights. Defendant claims that the photographer at the shoots, Luke Wooden, actually held the copyrights until May 2021, when Wooden and Plaintiffs executed an agreement, fraudulently backdated to

_____ : _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07187-SVW-MAR | Date | June 7, 2022 |
|---|---|---|---|
| Title | *Color Image Apparel, Inc., et al v. Derek Jaeschke, et al* | | |

Defendant infringed on their copyrights by sharing some of the photographs via his own personal Instagram page. Specifically, Plaintiffs allege that Defendant shared six photographs, featuring himself modeling various pieces of Plaintiffs' apparel, and thus infringed on their copyrights in those six photographs.

Accordingly, Plaintiffs brought this action against Defendant, asserting a claim for direct copyright infringement.[4] Now, both sides have cross-moved for summary judgment.

**II. Legal Standards**

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the factual record that] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies its initial burden, the non-moving party must demonstrate with admissible evidence that genuine issues of material fact exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986) ("When the moving party has carried its burden under Rule 56 . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").

A material fact for purposes of summary judgment is one that "might affect the outcome of the suit" under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for

---

2011, that assigned the copyrights to Plaintiffs. It is unnecessary to resolve this dispute because, even crediting Plaintiffs' claim that they have owned the copyrights during all relevant periods, their claims fail because they are time-barred, as discussed below.

[4] This case is not the first legal dispute between the parties arising out of these same photo shoots. In 2019, Defendant filed an action in California state court against Plaintiffs, alleging that the parties had an agreement that limited the ways in which Plaintiffs could use the photographs featuring Defendant and that Plaintiffs violated those limitations. *See* Jaeschke Decl. ¶ 51, ECF No. 51. That state case remains ongoing. *Id.* While this fact is not strictly relevant to the Court's analysis below, it does make it even more implausible that Plaintiffs did not learn of Defendant's posts until 2021, as they claim. *See* Barry Decl. ¶ 7, ECF No. 54.

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07187-SVW-MAR | Date | June 7, 2022 |
|---|---|---|---|
| Title | *Color Image Apparel, Inc., et al v. Derek Jaeschke, et al* | | |

the nonmoving party." *Id.* Although a court must draw all inferences from the facts in the non-movant's favor, *id.* at 255, when the non-moving party's version of the facts is "blatantly contradicted by the record, so that no reasonable jury could believe it, [the] court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**III. Discussion**

The parties raise several issues in their cross-motions, here however, it is only necessary to address one – the statute of limitations – because the Court concludes that Plaintiffs claim is time-barred.

Plaintiffs' claim for copyright infringement is subject to a three-year statute of limitations. *See* 17 U.S.C. § 507(b); *Media Rights Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1022, 1025 (9th Cir. 2019). However, two other legal principles are relevant here. First, under the "separate-accrual rule," if a defendant "commits successive violations, the statute of limitations runs separately from each violation [. . .] In short, each infringing act starts a new limitations period." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014). Second, "[u]nder the 'discovery rule,' a copyright infringement claim accrues—and the statute of limitations begins to run—when a party discovers, or reasonably should have discovered, the alleged infringement." *Media Rights Techs., Inc.*, 922 F.3d at 1022.

Thus, there are two questions that determine whether Plaintiffs' claim is timely. When did each "infringing act" occur? And did the discovery rule delay the accrual of a claim based upon those infringing acts?

**A. When did the "infringing acts" occur?**

As to the first question, assuming *arguendo* that Defendant initially sharing the six photographs in question on his personal Instagram page constitutes an "infringing act" (a point which Defendant contests), the dispute boils down to whether those are the *only* infringing acts or whether – as Plaintiffs argue – each day that Defendant left the photos up on his Instagram page constitutes a *separate* infringing act. *See* Pl. Mot. for Summ. J. 18, ECF No. 52 ("Pl. MSJ"). The Court rejects Plaintiffs'

|  |  | : |
|---|---|---|
| | Initials of Preparer | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07187-SVW-MAR | Date | June 7, 2022 |
| Title | *Color Image Apparel, Inc., et al v. Derek Jaeschke, et al* | | |

argument and concludes that the only possible "infringing acts" were Defendant initially sharing the photographs, all of which occurred in 2014 or 2015.

Plaintiff relies on *APL Microscopic, LLC v. United States*, 144 Fed. Cl. 489 (2019), in which the Federal Claims Court concluded that each time that a user viewed alleged infringing content on NASA's website constituted a separately accruing infringing act. *Id.* at 496-99. However, this Court declines to follow *APL Microscopics'* conclusion.

For one, as pointed out in *Bell v. Oakland Community Pool Project, Inc.*, 2020 WL 4458890, *5 n.3 (N.D. Cal. May 4, 2020), the *APL Microscopics* court primarily relied on *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007) in reaching its conclusion – however, *Perfect 10* did not actually address the statute of limitations (only what constitutes infringement more generally). This undermines the force of *APL Microscopics*'s reasoning.

Moreover, the Supreme Court has made clear that "[s]eparately accruing harm should not be confused with harm from past violations that are continuing." *Petrella*, 572 U.S. at 671 n.6. A separately accruing harm "must cause harm [to the plaintiff] over and above the harm that the earlier acts caused." *Id.* (internal citations and quotations omitted). Thus, while posting each of the six photos in question could constitute a unique infringing act – creating distinct, separately accruing harms – leaving a particular photo up on Defendant's Instagram page does not involve any new act by Defendant and implicates only a *continuing* harm from a past violation. *See id.*

For this reason, several other courts – both within this Circuit and outside of it – have reached the opposite conclusion to *APL Microscopics* and held that merely leaving infringing content up on a website does not constitute a separately accruing harm. *See Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1099 n.13 (C.D. Cal. 2016) ("The fact that the allegedly infringing document – published in 2010, outside the relevant three-year window – *remained* on defendant's website through 2014 does not give rise to a discrete claim accruing within the three-year window") (emphasis in original); *Bell*, 2020 WL 4458890, at *5 (Collecting cases and noting that "Courts following [*Petrella*] have concluded that the mere fact that a document remained online does not trigger the separate-accrual rule").

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07187-SVW-MAR | Date | June 7, 2022 |
|---|---|---|---|
| Title | *Color Image Apparel, Inc., et al v. Derek Jaeschke, et al* | | |

Accordingly, the Court concludes that the only potential "infringing acts" here are the original posts that Defendant made on his personal Instagram page sharing the six photographs. Merely leaving those posts up on Defendant's Instagram page does not amount to a separately accruing harm.

This conclusion is also supported by cases dealing with analogous issues outside the copyright context. For example, in *Roberts v. McAfee, Inc.*, 660 F.3d 1156 (9th Cir. 2011), the Ninth Circuit held that the plaintiff's defamation claim was time-barred because the sole tortious act giving rise to the claim was the initial publication of the allegedly defamatory press release, which occurred outside the limitations period. *Id.* at 1169. The court rejected the plaintiff's argument that merely leaving the press release up on the defendant's website was a republication that would give rise to a new claim. *Id.* The Ninth Circuit noted that several courts had determined that such "inaction" did not constitute a separately accruing claim because to hold otherwise would create "almost perpetual liability" in the age of the internet. *Id.* (quoting *Traditional Cat Ass'n, Inc. v. Gilbreath*, 13 Cal.Rptr.3d 353, 362 (Cal. Ct. App. 2004)). This same logic supports the conclusion that in copyright cases, mere "inaction" – passively leaving allegedly infringing content up on a website – does not give rise to a separately accruing claim.

Thus, Defendant's only infringing acts are his original posts of the six photographs, all of which occurred in 2014 and 2015, the latest being posted on July 1, 2015. *See* Compl., Ex. 7, ECF 1-1. Thus, unless the discovery rule applies, the statute of limitations expired on July 1, 2018 at the latest – long before Plaintiffs filed this suit.

### B. Does the discovery rule delay the accrual of Plaintiffs' claim?

Plaintiffs argue that their claims did not accrue until they actually discovered Defendant's Instagram posts in February 2021. *See* Pl. MSJ 18. However, this argument fails. Plaintiffs appear to have had actual notice of at least one allegedly infringing post and reasonably should have discovered the others when Defendant originally made the posts back in 2014 and 2015, and thus the discovery rule does not save Plaintiffs' claim.

Under the discovery rule, the limitations period begins to run "when a party discovers, *or reasonably should have discovered*, the alleged infringement." *Media Rights Techs., Inc.*, 922 F.3d at

Initials of Preparer  PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07187-SVW-MAR | Date | June 7, 2022 |
|---|---|---|---|
| Title | *Color Image Apparel, Inc., et al v. Derek Jaeschke, et al* | | |

1022 (emphasis added). Thus, copyright owners have a "duty of diligence" to investigate potential infringements when some event calls their attention to the possibility of infringement. *See Starz Entm't, LLC v. MGM Domestic Television Distrib., LLC*, 510 F. Supp. 3d 878, 888 (C.D. Cal. 2021).

Defendant points out that in each of the six posts in which he shared one of the allegedly infringing photographs, he 'tagged' one of the official Bella+Canvas Instagram accounts.[5] *See* Jaeschke Decl. ¶ 8, ECF No. 51. An Instagram user 'tags' another user by including their account username in the text caption accompanying their post. *See id.* And indeed, in the exhibits Plaintiffs attached to their complaint, which display screenshots of the alleged infringing posts, one can clearly see that Bella+Canvas's account username was tagged in each post. *See* Compl., Ex. 2-7.

Defendant further notes that when a user (in this case Plaintiff) is tagged in a post, they receive a notification within the Instagram application that informs them that they have been tagged and allows them to view the post. *See* Jaeschke Decl. ¶ 8. Despite this, Plaintiffs "dispute that they received any notification to Defendant's posts in which he allegedly 'tagged' Plaintiffs." Pl. Statement of Genuine Disputes ¶ 4, ECF No. 62-1. But they do not point to any actual evidence, such as declarations or deposition testimony, to support this contention that they never received any notification of Defendant's posts. *See id.*

Instagram itself makes clear that when tagged, a user gets a notification.[6] Defendant plainly tagged Bella+Canvas in his posts, *see* Compl., Ex. 2-7, and Plaintiffs have offered nothing to explain why they would not have received notifications of those posts, just as any other Instagram user would have if they had been tagged. Plaintiffs' baseless statement disputing that it received any notifications –

---

[5] It seems that there are two official Bella+Canvas accounts, one that posts content relevant to the retail side of Plaintiffs' business, and one that posts content relevant to the wholesale side of the business. *Compare* Jaeschke Decl., Ex. I, ECF No. 51-1 ("@bellacanvas" account) *with id.*, Ex. Q at DJ0000083, ECF No. 51-9 ("@bellacanvas_wholesale" account).

[6] The Court takes judicial notice of the information publicly available on Instagram's website about how its application operates, as such information is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). And as Instagram indicates, when a user tags another person in a post, "the person you tagged will get a notification." *See When I tag someone in a photo or video on Instagram, who can see it?*, Instagram, https://help.instagram.com/412981112149384/?helpref=uf_permalink&parent_cms_id=627963287377328 (last visited May 4, 2022).

                                                                            : _____
                                                                Initials of Preparer
                                                                            PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07187-SVW-MAR | Date | June 7, 2022 |
| Title | *Color Image Apparel, Inc., et al v. Derek Jaeschke, et al* | | |

unaccompanied by any actual evidence – is insufficient to avoid summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986) ("When the moving party has carried its burden under Rule 56 . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").

Plaintiffs further insist that they "dispute that any such notification, even if it had been received, would have put Plaintiffs on notice of infringement." Pl. Statement of Genuine Disputes ¶ 4. Perhaps the notification itself may not have put Plaintiffs on notice that their copyrights had definitively been infringed – but it certainly would have put have Plaintiffs on notice about the *possibility* of infringement. *See Starz Entm't, LLC*, 510 F. Supp. 3d at 888. Such notifications would have informed Plaintiffs that Defendant had tagged them in the six posts – posts which, if viewed, clearly would have provided *actual* notice of potential infringement by featuring the six photographs allegedly copyrighted by Plaintiffs.

And indeed, it appears clear that Plaintiffs *did* have actual notice of at least one post because it was liked by one of Plaintiffs' official Instagram accounts. *See* Jaeschke Decl., Ex. Q at DJ0000083. Plaintiffs do not dispute that their account liked this post, *see* Pl. Statement of Genuine Disputes ¶ 7, nor do they offer any explanation whatsoever of how someone could like a post without viewing the post and its contents.

Yet Plaintiff again protests, "Defendant does not provide evidence that **each** of his six Instagram posts containing a copyrighted Photograph was "liked" or "commented" on by a representative of Plaintiffs." *Id.* Even so, having viewed one of Defendant's posts and having actual notice of its allegedly infringing contents, and having received notifications about Defendant's other posts, Plaintiffs were clearly on notice about the *possibility* of infringement in those other posts. *See Starz Entm't, LLC*, 510 F. Supp. 3d at 888. Indeed, one would think that the *obvious* step for a reasonably diligent copyright owner to take would have been to investigate the other posts in which Defendant tagged Plaintiff.

Thus, even if Plaintiffs did not like the other posts – even if, for some reason, Plaintiffs did not so much as *view* the other posts – there were clearly sufficient facts available to Plaintiffs that they reasonably should have discovered the alleged infringement by 2015 at the latest. *See id.; Media Rights Techs., Inc.*, 922 F.3d at 1022. The discovery rule does not charge copyright holders with a responsibility to be omniscient and detect any and all infringement, but neither does it permit copyright

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-07187-SVW-MAR | Date | June 7, 2022 |
| Title | *Color Image Apparel, Inc., et al v. Derek Jaeschke, et al* | | |

holders to bury their heads in the sand when they are provided with clear notice of potential infringement that would be detected by the most basic diligence. *See Media Rights Techs., Inc.*, 922 F.3d at 1022.

In sum, Plaintiffs had actual notice of the alleged infringement – or at the least should have reasonably discovered the alleged infringement – long before 2021. *See id.* Accordingly, the discovery rule does not save Plaintiffs claims, and the statute of limitations expired at the latest in July of 2018 – years before Plaintiffs filed this suit.

**III. Conclusion**

Because Plaintiffs' copyright claim is time-barred, the Court denies their motion for summary judgment [52] and instead grants Defendant's motion for summary judgment [49].

Further, because judgment will be entered in Defendant's favor, the trial in this case is vacated and Plaintiffs' motions to quash certain trial subpoenas [57][58] are denied as moot. Finally, Defendant's *ex parte* application to stay this case [73] is denied as moot since this order resolves the entire case and leaves nothing for further proceedings.

**IT IS SO ORDERED.**

Initials of Preparer

PMC